# **EXHIBIT B**

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
12/22/2025
CT Log Number 550930897

## Service of Process Transmittal Summary

**TO:** KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:** **Process Served in Texas**

**FOR:** Wal-Mart Stores Texas, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: SARR KHADY // To: Wal-Mart Stores Texas, LLC |
| **DOCUMENT(S) SERVED:** | Citation, Return, Original Petition, Certificate |
| **COURT/AGENCY:** | 165th Judicial District Court of Harris County, TX<br>Case # 202594849 |
| **NATURE OF ACTION:** | Personal Injury - 01/04/2024, Walmart store, located at 155 Louetta Crossing, Spring, Texas 77373 |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 12/22/2025 at 10:50 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service |
| **ATTORNEY(S)/SENDER(S):** | DANIELA A FUENTES<br>HINOJOSA LAW, PLLC<br>3904 BRANDT STREET<br>HOUSTON, TX 77006<br>713-884-1663 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/22/2025, Expected Purge Date: 12/27/2025<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Dec 22, 2025
**Server Name:** Mauricio Segovia

| | |
|---|---|
| Entity Served | WAL-MART STORES TEXAS, LLC |
| Case Number | 202594849 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |

Receipt Number: 1049447
Tracking Number: 74589404

EML
**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202594849

| | |
|---|---|
| PLAINTIFF: SARR, KHADY | In the 165th Judicial |
| vs. | District Court of |
| DEFENDANT: WAL-MART STORES TEXAS LLC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: WAL-MART STORES TEXAS LLC (A FOREIGN LIMITED LIABILITY COMPANY) MAY BE SERVED BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS TX 75201

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on December 19, 2025, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this December 19, 2025.

DISTRICT COURT OF HARRIS COUNTY TEXAS

Marilyn Burgess

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: JOSHUA HALL

Issued at request of:
FUENTES, DANIELA A
3904 BRANDT STREET
HOUSTON, TX 77006
713-884-1663
Bar Number: 24125606

Mauricio Segovia
PSC1689 Expires 8/31
2025/12/22 10:49:47

Tracking Number: 74589404
EML

CAUSE NUMBER: 202594849

| | |
|---|---|
| PLAINTIFF: SARR, KHADY | In the 165th |
| vs. | Judicial District Court |
| DEFENDANT: WAL-MART STORES TEXAS LLC | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at ________o'clock _____. M., on the ________ day of ____________________________________________, 20_______.

Executed at (address) ______________________________________________________________________
in _______________ County
at _______ o'clock _____. M., on the ________ day of __________________________________________________________, 20 ______,

by delivering to ______________________________________________________________ defendant, in person, a true copy of this Citation together with the accompanying _______ copy(ies) of the ______________________________________________ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _________ day of ____________________________________________, 20 _______.

FEE: $ ______________ ______________________________________________

________________ of ___________________

County, Texas

_____________________________________ By: ________________________________________
Affiant Deputy

On this day, ________________________________________________________, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this __________ of ________________________________________, 20 ______

________________________________________
Notary Public

12/19/2025 12:37 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 109309496
By: Joshua Hall
Filed: 12/19/2025 12:37 PM

CAUSE NO. _______________

| | | |
|---|---|---|
| KHADY SARR,<br>*Plaintiff*, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| WAL-MART STORES TEXAS, LLC,<br>*Defendant*. | §<br>§ | _______ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

---

COMES NOW, Plaintiff **Khady Sarr** ("Plaintiff"), through undersigned counsel, and files her Original Petition against Defendant **Wal-Mart Stores Texas, LLC,** ("Defendant") and would respectfully show this Court and Jury as follows:

**I. DISCOVERY CONTROL PLAN**

**1.1** Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff alleges that discovery in this case should be conducted under Level 2.

**II. PARTIES**

**2.1** Plaintiff **Khady Sarr** is a resident of Spring, Harris County, Texas. The last three digits of Plaintiff's Social Security Number are 787 and the last three numbers of her Texas Driver's License are 669.

**2.2** Defendant **Wal-Mart Stores Texas, LLC** is a Foreign Limited Liability Company authorized to conduct business in Harris County and the State of Texas. Process should be served on Defendant by serving its registered agent, CT Corporation System, at 1999 Bryan St., Ste 900, Dallas, Texas 75201.

## III. MISNOMER/ALTER EGO

**3.1** In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV. VENUE & JURISDICTION

**4.1** This court has jurisdiction in this cause since the damages to Plaintiff exceed the minimum jurisdictional limits of this Court.

**4.2** Venue is proper in Harris County, Texas, because it is the county in which all or a substantial part of the events and/or omissions giving rise to the claim occurred. Tex. Civ. Prac. & Rem. Code §§ 15.002(a)(2) and 15.005.

## V. FACTS

**5.1** On or about January 4, 2024, Plaintiff was an invitee on the premises owned, operated, and/or maintained by Defendant **Wal-Mart Stores Texas, LLC** (hereinafter referred to as "Defendant" and/or "Walmart") located at 155 Louetta Crossing, Spring, Texas 77373. On the day of the incident, Plaintiff was walking past the self-checkout area inside Defendant's store, when she suddenly slipped due to a liquid substance on the floor, causing her to violently fall to the ground. As a result of her fall, Plaintiff sustained permanent injuries to her body.

**5.2** Plaintiff suffered serious bodily injury and required medical attention as a direct result of the fall caused by the unreasonably dangerous condition on Defendant's premises. Along with the dangerous condition in Defendant's store, there were no visible signs or barriers to notify Plaintiff and the general public of the unreasonably dangerous condition of the

premises. At the time of the incident, Plaintiff was an invitee on the premises in question. The property is owned, controlled, and managed by Defendant.

**5.3** Defendant's employees had actual knowledge of the defective condition in its store. Further, Defendant's employees had constructive notice of the defective condition and a reasonable inspection would have uncovered that defective condition prior to the incident. Plaintiff's fall was due to Defendant's negligence and failure to maintain its store in a safe condition during normal hours of operation.

**5.4** This was a condition which posed an unreasonable risk of harm. Defendant's employees, store managers, and management were grossly negligent in not posting signs warning patrons of this clear and unreasonable risk of harm. There was no information given about the liquid substance on Defendant's premises, and there were no signs to warn of the dangerous condition. Nothing Plaintiff did or failed to do in any way contributed to her injuries.

**5.5** Plaintiff specifically invokes her right to institute against whatever entity was conducting business under the assumed or common names of "Wal-Mart Stores Texas, LLC" with regard to the events described in this Petition. Plaintiff expressly invokes her right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

## VI. NEGLIGENCE OF DEFENDANT

**6.1** Defendant owed a legal duty to Plaintiff. Specifically, Defendant owed a duty to exercise reasonable care in maintaining its restaurant in a safe condition during normal hours of operation. Defendant owed a duty to make sure the floor on its premises remained safe at all times, especially when patrons would be in its store.

**6.2** Defendant breached the duty owed to Plaintiff by failing to properly maintain its restaurant in a safe condition. Defendant were negligent on the occasion in question and proximately caused Plaintiff's injuries by:

- **a.** Failing to monitor the condition of the floors in the store;
- **b.** Failing to properly train its employees;
- **c.** Failing to promptly clean up liquid substances on the floor;
- **d.** Failing to mark off specific areas as hazardous or dangerous;
- **e.** Failing to provide proper supervision;
- **f.** Failing to provide adequate safety procedures;
- **g.** Failing to provide policies to remedy the liquid substance on the floor, which was a dangerous condition and/or hazard that it knew of, or in the exercise of ordinary care, should have known was present in its store;
- **h.** Failing to warn others that a dangerous condition existed;
- **i.** Choosing not to properly rope off the area where the liquid substance accumulated on the floor;
- **j.** Creating a hazard to others; and
- **k.** In more particularity to be shown at trial.

**6.3** Plaintiff did not receive any warnings of the hazardous condition on the floor prior to the incident and was without fault. Defendant and its agents, servants, and/or employees were responsible for the safety, condition, securing, and inspection of the floor.

**6.4** At the time in question, Defendant controlled the exact premises in question where the incident took place. Defendant owed and assumed a duty to provide a safe premises. The condition of the floor, and the failure to properly clean, secure, maintain, and inspect the

floor posed an unreasonable risk of harm of which the Defendant had actual knowledge. Defendant breached its duty of ordinary care by failing to adequately warn Plaintiff and by failing to make the premises safe from the liquid substance on the floor, which was an unreasonably dangerous condition. Defendant's failure to exercise reasonable care proximately caused the incident in question and resulting damages.

**6.5** Each and every act and/or omission of the above, collectively and/or singularly, were a proximate cause of the incident in question and Plaintiff's resulting injuries.

## VII. PREMISES LIABILITY

**7.1** It has become necessary to bring this lawsuit by reason of injuries and damages Plaintiff suffered on January 4, 2024, while on the premises owned, operated, and/or maintained by **Wal-Mart Stores Texas, LLC** ("Defendant") located at 155 Louetta Crossing, Spring, Texas 77373. Plaintiff would show that on or about that date, she was an invitee on the premises when, suddenly and without warning, Plaintiff slipped and fell due to a liquid substance on the floor which was a dangerous condition existing on Defendant's premises, causing Plaintiff serious permanent and painful bodily injuries. Defendant requested, allowed, permitted, and encouraged Plaintiff to enter the premises. Consequently, Plaintiff was an invitee whom Defendant owed a duty to use ordinary care, including the duty to inspect, protect, and guard Plaintiff from the liquid substance on the floor, which was an unreasonably dangerous condition existing on its premises, or to warn her of its existence. Plaintiff was exercising ordinary care when she suddenly and unexpectedly fell. Plaintiff was seriously injured due to the liquid substance on the floor, which was a dangerous condition and/or hazard existing on the premises which Defendant, its agents, servants, and employees knew or should have known existed and caused by Defendant. As a result of the aforesaid dangerous condition, Plaintiff sustained severe and

permanent injuries. Plaintiff would show nothing she did nor failed to do caused, or in any way contributed to cause, the occurrence in question. Further, Plaintiff would respectfully show unto this Honorable Court and Jury that Defendant failed to perform the above-stated duties and, therefore, were negligent as that term is understood under the laws of the State of Texas in one or more of the following respects:

**(1)** In failing to continually have the premises inspected for dangerous conditions and/or hazards located on the premises;

**(2)** In failing to remedy the liquid substance on the floor, which was a dangerous condition and/or hazard that Defendant knew of, or in the exercise of ordinary care, should have known was present on its premises;

**(3)** In failing to warn persons similarly situated to Plaintiff, including Plaintiff, of the liquid substance on the floor, which was a dangerous condition and/or hazard located on said premises; and

**(4)** In more particularity to be shown at trial.

Each and all of the above and foregoing acts on the part of Defendant, both of omission and commission, were negligent and constituted negligence, and were each and all a proximate cause of the occurrence in question and the injuries and damages Plaintiff suffered.

**7.2** In the alternative, without waiving the foregoing, Plaintiff would show she was a licensee on the premises in question occupied and/or controlled by Defendant. Defendant knew of the liquid substance on the floor existing on its premises, which was an unreasonably dangerous condition and posed an unreasonable risk of harm to the general public, including Plaintiff, but failed to make safe or adequately warn her of the condition. Plaintiff did not have

knowledge of the liquid substance on the floor, which was a dangerous condition of the premises prior to the incident in question.

## XIII. DAMAGES

**8.1** Plaintiff has suffered damages in the form of physical pain and injury, mental and emotional anguish, pain and suffering in the past, pain and suffering in the future, past and future earning capacity and economic loss, past and future physical impairment, disfigurement, and past and future lost wages. Plaintiff sustained reasonable and necessary past and future medical bills and expenses, and she will, in all reasonable probability, continue to sustain such legal elements of damages in the future beyond the date of the trial of this cause.

**8.2** Therefore, Plaintiff maintains this suit against Defendant for each of her foregoing legal elements of damages in a just and reasonable sum within the jurisdictional limits of this Honorable Court, to be determined under the sound discretion of the trier of fact or jury.

## IX. PUNITIVE/EXEMPLARY DAMAGES

**9.1** Plaintiff hereby sues Defendant for punitive/exemplary damages. The facts and circumstances of this case allows the Court and jury to award Plaintiff punitive/exemplary damages in that Defendant is guilty of malice and gross negligence. The determination of the amount of punitive/exemplary damages is left to the discretion of the Court and jury in this case.

## X. GROSS NEGLIGENCE AGAINST DEFENDANT

**10.1** Plaintiff would further show Defendant was grossly negligent, as that term is defined and applied under Texas law. Specifically, Plaintiff would show that the negligent acts and/or omissions of Defendant, as set forth above, constitute acts or omissions:

**A.** Which, when viewed objectively from the standpoint of Defendant, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and/or others; and

**B.** Of which Defendant had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiff and/or other.

**10.2** Such gross negligence was a proximate cause of the incident made the basis of this lawsuit and the injuries and damages Plaintiff sustained.

## XI. TOTAL DAMAGES

**11.1** As a result of the incident made the basis of this lawsuit, Plaintiff seeks monetary relief of $1,000,000.00 or less, and a demand for judgment for all other relief to which Plaintiff is entitled; however, Plaintiff reserves the right to file an amended pleading on this issue.

## XII. RESERVE THE RIGHT TO AMEND AND SUPPLEMENT

**12.1** Plaintiff makes these allegations against Defendant acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including potentially adding parties to and/or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

## XIII. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

**13.1** In addition to the above mentioned and foregoing allegations, Plaintiff further pleads she is entitled to pre-judgment and post-judgment interest at the highest rate allowed by law.

## XIV. COURT COSTS

**14.1** Plaintiff further seeks recovery of the costs of court incurred in the filing and pendency of this action.

## XV. PRESERVING EVIDENCE

**15.1** Plaintiff hereby requests and demands that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or damages resulting therefrom, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voicemail, text messages, any evidence involving the incident in question, and any electronic images or information related to the referenced incident or damages. Failure to maintain such items will constitute “spoliation" of evidence.

## XVI. RULE 193.7 NOTICE

**16.1** Defendant is hereby notified that Plaintiff intends to use all documents produced by Defendant in discovery of the trial of this cause, and therefore Plaintiff requests that Defendant assert any objection to the authenticity of any document Defendant produce within 10 days of its production.

## XVII. ALTERNATIVE PARAGRAPH NO. 1

**17.1** In the alternative, Plaintiff would show that if any injury and/or condition from which she currently suffers was pre-existing, then such condition was aggravated and/or exacerbated by the negligence of the Defendant herein.

## XVIII. ALTERNATIVE PARAGRAPH NO. 2

**18.1** In the alternative, Plaintiff would show that if she suffers from any subsequent injury and/or condition, then such injury and/or condition was aggravated and/or exacerbated by the negligence of the Defendant herein.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Khady Sarr requests Defendant be cited to appear and answer herein, that upon final trial and other hearing of this cause, Plaintiff recover damages from Defendant, in accordance with the evidence, and as the jury deem them deserving, that Plaintiff recover costs of court herein expended, that Plaintiff recover interest to which she is justly entitled under the law, both pre-judgment and post-judgment interest from the date of the entry until paid, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**HINOJOSA LAW, PLLC**

By: *<u>/s/Daniela A. Fuentes</u>*
Richard A. Hinojosa
State Bar No. 24068885
Daniela A. Fuentes
State Bar No. 24125606
3904 Brandt Street
Houston TX 77006

(713) 884-1663 Telephone
(713) 422-2493 Facsimile
richardhinojosa@hinojosalaw.com
dfuentes@hinojosalaw.com
e-service@hinojosalaw.com
**ATTORNEYS FOR PLAINTIFF**

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Daniela Fuentes on behalf of Daniela Fuentes
Bar No. 24125606
dfuentes@hinojosalaw.com
Envelope ID: 109309496
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 12/19/2025 1:38 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Hinojosa Law | | e-service@hinojosalaw.com | 12/19/2025 12:37:09 PM | SENT |
| Richard Hinojosa | | richardhinojosa@hinojosalaw.com | 12/19/2025 12:37:09 PM | SENT |
| Stephanie Gonzalez | | sgonzalez@hinojosalaw.com | 12/19/2025 12:37:09 PM | SENT |
| Daniela Fuentes | | dfuentes@hinojosalaw.com | 12/19/2025 12:37:09 PM | SENT |